UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
JEANNETTE OUTTERBRIDGE,   )
                                           )
         Plaintiff,                        )
                                           )
    v.                                     )     Civil Action No. 15-1391 (ABJ)
                                           )
DEPARTMENT OF                              )
HOMELAND SECURITY,                         )
                                           )
         Defendant.                        )
                                           )

# MEMORANDUM OPINION

On August 26, 2016, plaintiff Jeannette Outterbridge filed this employment discrimination case against the Department of Homeland Security. Compl. [Dkt. # 1]. Plaintiff, who worked at DHS as a Personnel Security Specialist, alleged that her managers engaged in discrimination based on her race and gender, that she was retaliated against for complaining about the alleged discrimination, and that the agency subjected her to a hostile work environment. *Id.* ¶ 7. After the parties engaged in a period of discovery, defendant filed a motion for summary judgment, arguing that DHS had legitimate and nondiscriminatory reasons for any alleged adverse employment actions. Def.'s Mot. for Summ. J. [Dkt. # 24] ("Def.'s Mot."). Plaintiff opposed the motion, arguing that genuine issues of material fact precluded the award of judgment to the agency. Pl.'s Opp. to Def.'s Mot. [Dkt. # 30].

Before the Court can turn to the merits of the pending motion for summary judgment, it must ensure that it has subject matter jurisdiction over this dispute. Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555,

561 (1992). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). "[B]ecause subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). In addition, the Court has an independent duty to assess its subject matter jurisdiction. *See NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008). Therefore, a district court may dismiss a complaint *sua sponte* when it is evident that the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety").

"The United States may not be sued without its consent and [ ] the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). To sue the United States or a federal agency, a waiver of sovereign immunity "must be unequivocally expressed in statutory text." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1105 (D.C. Cir. 2005).

Because plaintiff is suing an agency of the federal government, she must proceed under 42 U.S.C. § 2000e–16, which extends the protection of Title VII of the Civil Rights Act of 1964 to federal employees. The statute provides that federal employees who are aggrieved by adverse rulings before the Equal Opportunity Employment Commission "may file a civil action . . . in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e–16(c).

In interpreting this statute, the D.C. Circuit has held that, in an employment discrimination suit against a federal employer, "[t]he only proper defendant . . . is the 'head of the department, agency, or unit in which the allegedly discriminatory acts transpired.'" *Hackley v. Roudebush*, 520 F.2d 108, 115 n.17 (D.C. Cir. 1975), quoting 42 U.S.C. § 2000e–16(c). As another judge in this district put it, the language used in section 2000e–16(c) "means what it says," and failure to sue the proper party is a defect in subject matter jurisdiction. *Nichols v. Agency for Int'l Dev.*, 18 F. Supp. 2d 1, 3 (D.D.C. 1998); *see also Davis v. United States*, 973 F. Supp. 2d 23 (D.D.C. 2014) (holding that "because plaintiff did not bring her discrimination claims against the proper defendant . . . the Court has no choice but to dismiss her discrimination claims for lack of subject-matter jurisdiction").

In light of those authorities, on June 28, 2017, the Court ordered plaintiff to show cause "why this matter should not be dismissed for lack of subject matter jurisdiction for failure to name the proper party," and it cited section 2000e–16(c). Min. Order (June 28, 2017). In response to the Court's Order, plaintiff filed a motion for leave to amend her complaint. Mot. to File Late Mot. to Am. Pleading to Join Agency as Def. [Dkt. # 32].[1] The motion to amend states that plaintiff seeks to "join the EEOC herein." *Id.* at 1. A motion for leave to amend a complaint will be denied when the proposed amended complaint would not survive a motion to dismiss. *See Atchinson v. District of Columbia*, 73 F.3d 418, 425 (D.C. Cir. 1996).

---

1 Plaintiff's motion to amend her complaint failed to comply with the Local Rules because it failed to attach the proposed pleading as amended. LCvR 7(i) ("A motion for leave to file an amended pleading shall be accompanied by an original of the proposed pleading as amended."). The Court of Appeals has repeatedly "faulted litigants for [the] shortcoming" of failing to attach a copy of their proposed amended complaint to a motion for leave to file an amended complaint, *Schmidt v. United States*, 749 F.3d 1064, 1069 (D.C. Cir. 2014), citing *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 130–31 (D.C. Cir. 2012), and it noted in *Schmidt* that failure to attach a copy of a proposed amended complaint is a reason to deny a motion for leave to amend. *Id.*

Section 2000e–16(c) requires that any civil action be brought in the name of the *head* of the department or agency involved. 42 U.S.C. § 2000e–16(c). So plaintiff was required to sue the head of the Department of Homeland Security, in his official capacity. Because plaintiff's belated suggestion that she add another agency defendant would not solve the subject matter jurisdiction defect, the Court will deny the motion for leave to amend as futile.

Because plaintiff's proposed amendment would be futile, and because plaintiff has not sued the proper party, the Court must dismiss this action without prejudice for lack of subject matter jurisdiction. A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: July 7, 2017