# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JEANNETTE OUTTERBRIDGE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 15-1391 (ABJ) |
| DEPARTMENT OF HOMELAND SECURITY, | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION & ORDER

This matter is before the Court on plaintiff's motion under Federal Rule of Civil Procedure 60(b). Plaintiff seeks relief from the Court's July 7, 2017 judgment dismissing the complaint for lack of subject matter jurisdiction, and she also seeks leave under Rule 15(a) to file an amended complaint to add Jeh Charles Johnson as a defendant. *See* Pl.'s Mot. to Reinstate & Renewed Mot. to Amend the Pleading [Dkt. # 36] ("Pl.'s Mot."). Because plaintiff has not identified any proper basis for the Court to vacate its judgment and reopen the case, the Court will deny plaintiff's motion.

## BACKGROUND

Plaintiff filed this employment discrimination case against the Department of Homeland Security ("DHS") on August 26, 2015. Compl. [Dkt. # 1]. After the parties engaged in a period of discovery, defendant filed a motion for summary judgment. Def.'s Mot. for Summ. J. [Dkt. # 24] ("Def.'s Mot."). Plaintiff filed an opposition to the motion, Pl.'s Opp. to Def.'s Mot. [Dkt. # 30] ("Pl.'s Opp."), and defendant replied. Def.'s Reply in Supp. of Def.'s Mot. [Dkt. # 31] ("Def.'s Reply"). But before it turned to the merits of defendant's motion, the Court had to first determine if it had subject matter jurisdiction over the case.

Because plaintiff had sued the agency, and not the agency head as required by statute, *see* 42 U.S.C. § 2000e-16(c), the Court ordered plaintiff to show cause why the Court should not dismiss her case for lack of subject matter jurisdiction for failure to name the proper party. Min. Order (June 28, 2017) ("Plaintiff is ordered to show cause by July 7, 2017, why this matter should not be dismissed for lack of subject matter jurisdiction for failure to name the proper party. *See* 42 U.S.C. § 2000e-16(c)."). In response to the Court's order, plaintiff filed a motion for leave to amend her complaint, in which she proposed to add the Equal Employment Opportunity Commission, and not the agency head, as a defendant. *See* Mot. to File Late Mot. to Amend Pleading to Join Agency as Def. [Dkt. # 32] at 1, 7. The Court denied plaintiff's motion for leave to amend, holding that plaintiff's proposed amendment would be futile because it "would not solve the subject matter jurisdiction defect." *Outterbridge v. Dep't of Homeland Sec.*, No. 15-1391, 2017 WL 3503376, at *2 (D.D.C. July 7, 2017).[1] And because plaintiff had not sued the proper party, the Court dismissed the case. *Id.*

On August 4, 2017, plaintiff filed this motion to reopen the case and to amend her complaint to add defendant Jeh Charles Johnson, Secretary of the Department of Homeland Security.[2] Pl.'s Mot. Defendant opposed the motion on August 18, 2017, arguing that "Fed. R.

---

1      The Court also noted that plaintiff's motion for leave to amend her complaint failed to comply with the Local Rules because it failed to attach the proposed pleading to be amended, and that this failure in and of itself was grounds to deny the motion for leave to amend. *See Outterbridge v. Dep't of Homeland Sec.*, No. 15-1391, 2017 WL 3503376, at *2 n.1 (D.D.C. July 7, 2017).

2      Plaintiff's motion is titled "Motion to Reinstate and Renewed Motion to Amend the Pleading to Join Jeh Charles Johnson, Secretary, of U.S., Department of Home Land Security as a Defendant," but the text of the motion characterizes the relief sought as both relief from judgment under Federal Rule of Civil Procedure 60 and leave to amend under Federal Rule 15. *See* Pl.'s Mot. at 1–3.

Civ. P. 60(b) does not support plaintiff's request" to reopen her case, and that granting her motion would be futile. Def.'s Opp. to Pl.'s Mot. [Dkt. # 37] ("Def.'s Opp.") at 2–3.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that "the Court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). To amend a complaint after judgment has been entered, though, the Court must first reopen the judgment pursuant to Rule 59(e) or 60(b). *Bldg. Indus. Ass'n of Superior Cal. v. Norton*, 247 F.3d 1241, 1245 (D.C. Cir. 2001). In other words, the Court cannot permit an amendment at this stage unless the plaintiff first satisfies the more stringent standard for setting aside the judgment. *See Ciralsky v. CIA*, 355 F.3d 661, 673 (D.C. Cir. 2004) ("Since the court declined to set aside the judgment under Rule 59(e), it properly concluded that [plaintiff's] motion to amend under Rule 15(a) was moot."). Only then would Rule 15(a)'s liberal standard for granting leave to amend govern. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) ("Rule 15(a)'s liberal standard for granting leave to amend governs once the court has vacated the judgment.").

A party moving under Rule 60(b) will be successful only if she demonstrates that the judgment should be set aside for one of the six reasons specified in the rule:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

3

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The plaintiff "bears the burden of establishing 'extraordinary circumstances' warranting relief from a final judgment." *Walsh v. Hagee*, 10 F. Supp. 3d 15, 18 (D.D.C. 2013), quoting *Schoenman v. FBI*, 857 F. Supp. 2d 76, 80 (D.D.C. 2012).

"[A] district court enjoys significant discretion in deciding whether to grant or deny a Rule 60(b) motion . . . ." *Comput. Prof'ls for Soc. Responsibility v. U.S. Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996). The court must "balance the interest in justice with the interest in protecting finality of judgments." *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004). Thus, the granting of relief under Rule 60(b) is an "unusual measure, occurring in extraordinary circumstances." *Kittner v. Gates*, 783 F. Supp. 2d 170, 172 (D.D.C. 2011), citing *Firestone*, 76 F.3d at 1208 and *Anderson v. Dist. of Columbia*, 72 F.3d 166, 167–68 (D.C. Cir. 1995).

## ANALYSIS

**I. The Court will deny plaintiff's motion under Rule 60(b).**

    **A. Plaintiff's motion does not demonstrate "mistake," "inadvertence," or "excusable neglect" under Rule 60(b)(1).**

Rule 60(b)(1) permits relief from judgment due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Here, plaintiff maintains that "thru inadvertence, mistake and excusable neglect," she "did not list JEH [*sic*] Charles Johnson as the named party in accordance with 42 USC 2000e-16c." Pl.'s Mot. at 1.

"With respect to Rule 60(b)(1), relief for excusable neglect 'is rare' as 'such motions allow district courts to correct only limited types of substantive errors." *Owens v. Rep. of Sudan*, 864 F.3d 751, 818 (D.C. Cir. 2017), quoting *Hall v. CIA*, 437 F.3d 94, 99 (D.C. Cir. 2006). In evaluating a claim of excusable neglect, a court makes an equitable determination based upon "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on

judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993) (analyzing the "excusable neglect" standard under Bankruptcy Rule 9006(b)(1)); *see FG Hemisphere Assocs., LLC v. Dem. Rep. Congo*, 447 F.3d 835, 838 (D.C. Cir. 2006) ("While *Pioneer* involved 'excusable neglect' under Bankruptcy Code 9006(b)(1), the same test governs our determination under Rule 60(b)(1).") (internal citations omitted). The fault factor for the case's delay is "perhaps the most important single factor" in the excusable neglect analysis. *Jarvis v. Parker*, 13 F. Supp. 3d 74, 78–79 (D.D.C. 2014), quoting *Inst. for Policy Studies v. CIA*, 246 F.R.D. 380, 383 (D.D.C. 2007). The question of whether a party's action constitutes excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395.

Here, plaintiff asserts in a conclusory fashion that her failure to name Jeh Charles Johnson as a defendant was due to "mistake and or excusable neglect" so the "matter should be reinstated." Pl.'s Mot. at 2–3. She also seems to argue that because defendant never raised the issue, she should not be faulted for filing her complaint against the wrong party. *Id.* ("Similarly, the defendant also was unaware of this issue as the plaintiff believes that they never addressed the same including in their motion for summary judgement [*sic*] this is more onerous of the fact that it was thorough [*sic*] inadvertence that the plaintiff did not join the Agency.").

But, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392; *see also Mazengo v. Mzengi*, 542 F. Supp. 2d 96, 99 (D.D.C. 2008) ("Ignorance of one's legal obligations does not constitute the type of 'mistake' or 'neglect' that Rule 60(b)(1) excuses."). Moreover, even if the Court were inclined to excuse plaintiff's unexplained failure to be attentive to the technical requirements of the statute

she was invoking, plaintiff offers no excuse for her failure to cure the defect after the Court issued an order to show cause highlighting exactly what was wrong with the complaint. *See* Min. Order (June 28, 2017).[3] The fact that the Court essentially gave plaintiff the answer undermines her contention that she was excusably unaware of the problem. Therefore, the Court finds that plaintiff's error does not constitute mistake, inadvertence, or excusable neglect under Rule 60(b)(1).[4]

### B.   Relief under Rule 60(b)(6) would also be inappropriate here.

Under Federal Rule of Civil Procedure 60(b)(6), the Court may relieve plaintiff from a final judgment for "any [] reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Supreme Court has held that Rule 60(b)(6) motions should only be granted if a party shows "'extraordinary circumstances' suggesting that the party is faultless in the delay." *Pioneer*, 507 U.S. at 393; *see also Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007) (observing that Rule 60(b)(6) "should be only sparingly used"), quoting *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980); *Owens*, 864 F.3d at 818 (noting that "relief for 'any other reason' under Rule 60(b)(6) is even more rare [than under Rule 60(b)(1)], being available only in 'extraordinary circumstances'") quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950). Moreover, claims under Rule 60(b)(6) must not be "premised on one of the grounds for relief enumerated in

---

3   42 U.S.C. § 2000e-16(c) provides that plaintiff "may file a civil action . . . in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant."

4   Even in her pending motion, plaintiff still seeks to add the incorrect defendant. She requests "to join JEH [*sic*] Charles Johnson, the Secretary and the Head of the United States Department of Homeland Security." *See* Pl.'s Mot. at 1. But he has not been the Secretary of the United States Department of Homeland Security since January 20, 2017. At the time plaintiff filed her motion, the Acting Secretary was Elaine Duke. And currently, Kristjen Nielsen is the Secretary of Homeland Security.

clauses (b)(1) through (b)(5)." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863, (1988).

Although plaintiff's motion invokes Rule 60(b)(6), she offers no reasons that would justify relief apart from her supposed grounds for relief under Rule 60(b)(1). And she has not articulated why her failure to name the proper defendant after she was prodded to do so would rise to the level of "extraordinary circumstances" necessary to justify relief under Rule 60(b)(6). Therefore, the Court concludes that plaintiff is not entitled to relief under this provision either.[5]

### C. Vacating the judgment would be a futile gesture.

Even if plaintiff had persuaded the Court that there could be grounds to reopen the case under Rule 60(b)(1) or 60(b)(6), the Court would still deny plaintiff's motion because reopening the case would be futile.

"It has long been established that as a precondition to relief under Rule 60(b), the movant must provide the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture." *Murray v. Dist. of Columbia*, 52 F.3d 353, 355–56 (D.C. Cir. 1995) (finding no abuse of discretion where district court denied Rule 60(b) motion where plaintiffs failed to file a response to the motion to dismiss after they had notice of it when the district court issued an order to show cause why the case should not be dismissed); *Lepkowski v. U.S. Dep't of Treasury*, 804 F.2d 1310, 1314 (D.C. Cir. 1986) (explaining that a Rule 60(b) motion will not be granted "unless the movant can demonstrate a meritorious claim or defense"). "This is so even if the claims were not originally resolved on the merits." *Thomas v. Holder*, 750 F.3d 899, 406 (D.C. Cir. 2014) (denying motion for reconsideration because the plaintiff had failed to

---

5 The Court also notes that this case was already dismissed and revived once before due to plaintiff's failure to follow the rules for serving defendant. *See* Order [Dkt. # 11] at 1–2 (dismissing case); Min. Order (Feb. 17, 2016) (granting plaintiff's motion for reconsideration and vacating the Court's order dismissing the case).

provide "even a 'hint of a suggestion' that he might succeed"), quoting *Marino v. DEA*, 685 F.3d 1076, 1080 (D.C. Cir. 2012). "The requirement that parties seeking Rule 60(b) relief show some prospect of succeeding on the merits flows from the basic principle that courts should revive previously-dismissed claims only if they have some reason to believe that doing so will not ultimately waste judicial resources." *Id.* at 407.

Here, the Court dismissed plaintiff's complaint for lack of subject matter jurisdiction after plaintiff failed to name the proper defendant. At that time, defendant's motion for summary judgment was pending and it had been fully briefed prior to dismissal of this action. *See* Def.'s Mot.; Pl.'s Opp.; Def.'s Reply.

In its motion, defendant argued that it had legitimate and nondiscriminatory reasons for any alleged adverse employment actions, and it provided a statement of facts in support of its contentions. *See* Def.'s Statement of Material Facts as to Which There is No Genuine Dispute [Dkt. # 24-1] ("Def.'s SOF"). Plaintiff opposed defendant's motion, but she did not file an opposition to defendant's statement of facts as prescribed by the Federal Rules of Civil Procedure and this Court's Local Rules. *See* Fed. R. Civ. P. 56(c); LCvR 7(h). Where a party "fails to . . . properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for the purposes of the motion" and may "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3); *see also* LCvR 7(h)(1) ("In determining a motion for summary judgment, the Court may assume the facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.").

The Court concludes that reopening the case would be a "useless gesture," *see Murray*, 52 F.3d at 355, because the Court would be likely to grant defendant's motion for summary judgment. Plaintiff's opposition to defendant's motion for summary judgment does not identify a genuine dispute of material fact that would preclude the entry of judgment since she has not disputed defendant's assertions of fact, and defendant's statement points to record support for each fact. *See Marino*, 685 F.3d at 1080 (observing that one way to put forward a "meritorious defense" is by disputing facts on a motion for summary judgment and showing "with only a hint of a suggestions that key facts in the record aren't yet entirely clear"). Instead of responding to defendant's statement of facts, plaintiff filed what she called "Material Issues in Genuine Dispute." *See* Material Issues in Genuine Dispute [Dkt. # 30] at 18–19. But the ten numbered paragraphs do not identify any facts in dispute – they are simply argumentative and conclusory. *See, e.g.*, *id.* ¶ 1 ("Whether the defendant's 2014 unacceptable progress view for the plaintiff four months after the plaintiff had filed an EEO claim was retaliation."); *id.* ¶ 6 ("Whether the defendant had a legitimate business reason for placing the plaintiff on the pip, 2014, poor performance review and decided to terminate her."); *id.* ¶ 7 ("[W]hether the defendant reason [*sic*] for their conduct was a pretext for their discriminatory conduct."). Taking all of defendant's facts as undisputed, the Court would have grounds to grant the motion for summary judgment. Therefore, plaintiff has not provided the Court with any reason to believe that vacating the judgment would be appropriate.

For all of the foregoing reasons, the Court concludes that plaintiff has not provided the Court with proper grounds for it to grant relief pursuant to Rule 60(b).

**II.     The Court will deny plaintiff's Rule 15(a)(2) motion for leave to file an amended complaint.**

Once a final judgment has been entered, a court cannot permit an amendment unless the plaintiff first satisfies the more stringent standard for setting aside that judgment. *See Ciralsky*,

355 F.3d at 673. Because plaintiff has failed to satisfy Rule 60(b) and the case will not be reopened, plaintiff's motion for leave to file an amended complaint is moot and must be denied on that basis alone. *See id.* at 673 (holding that since the district court declined to set aside the judgment under Rule 59(e), it properly concluded that the motion to amend under Rule 15(a) was moot); *see also Firestone*, 76 F.3d at 1208 (observing that amending the complaint may only occur after final judgment "once the court has vacated the judgment").

## CONCLUSION

Therefore, the Court will deny plaintiff's Motion to Reinstate pursuant to Federal Rule of Civil Procedure 60(b), and her Renewed Motion for Leave to File an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

**SO ORDERED**.

/s/ Amy B Jackson

AMY BERMAN JACKSON
United States District Judge

DATE: February 20, 2018